**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4251**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUENTIN EARL BATTLE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:12-cr-00181-D-1)

Submitted:  January 31, 2014          Decided:  March 11, 2014

Before MOTZ, AGEE, and THACKER, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quentin Earl Battle appeals the district court's judgment imposing a sentence of 420 months in prison after he pled guilty to conspiracy to distribute five or more kilograms of cocaine, two hundred eighty grams or more of cocaine base, and a quantity of heroin in violation of 21 U.S.C. § 846 (2012), and money laundering in violation of 18 U.S.C. § 1956(a) (2012). On appeal, Battle requests resentencing and contends that (1) the Government violated Brady v. Maryland, 373 U.S. 83 (1963), by suppressing exculpatory evidence material to punishment; (2) his attorney was ineffective in not contesting his sentencing enhancement for possessing a dangerous weapon; (3) his sentence is substantively unreasonable; and (4) his appellate waiver is unenforceable. We dismiss in part and affirm in part.

The Government has moved to dismiss the appeal as barred by Battle's waiver of the right to appeal in his plea agreement. Upon review of the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we previously concluded that Battle knowingly and voluntarily waived the right to appeal, but his first two issues fell outside the scope of the waiver. We ordered the Government to file a brief responding to the first two issues and deferred action on the motion to dismiss.

Battle first contends that the Government violated his due process rights under Brady v. Maryland, 373 U.S. 83 (1963),

by suppressing exculpatory evidence material to punishment. In Brady, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. "A failure to disclose violates due process only if the evidence in question (1) is favorable to the defendant because it is either exculpatory or impeaching; (2) was suppressed by the government; and (3) is material in that its suppression prejudiced the defendant." United States v. Sterling, 724 F.3d 482, 511 (4th Cir. 2013).

The burden of proving a Brady violation rests with the defendant. United States v. King, 628 F.3d 693, 701-02 (4th Cir. 2011). In reviewing a district court's denial of a Brady claim, we review the district court's legal conclusions de novo and its factual findings for clear error. Id. at 702.

"Undisclosed evidence is material when its cumulative effect is such that 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Sterling, 724 F.3d at 511 (quoting Kyles v. Whitley, 514 U.S. 419, 433-34 (1995)). Where it is impossible to say whether the evidence is relevant, a defendant may be entitled to an in camera inspection by the district court if he makes a plausible showing that it may be

3

both material and favorable.  See Pennsylvania v. Ritchie, 480 U.S. 39, 57-58 & n.15 (1987); King, 628 F.3d at 703-04.

At sentencing, Battle objected to the probation officer's determination that his base offense level was thirty-eight under U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2012).  The determination was based partly on eighteen cooperator statements credited by the Government and partly on conversion of $443,515 in drug profits to drug weight.  Battle disputed some of the estimates given by cooperators and argued that conversion of the drug profits risked double counting.  He contended that his base offense level should be thirty-six.

The Government presented evidence from law enforcement witnesses in support of the enhancement.  One witness testified that the drug profits seized from Battle would represent 220 kilograms of cocaine based on the officer's knowledge and experience in drug trafficking in the area.  He also testified as to why he believed the eighteen cooperator statements included in the presentence report were reliable, and he noted there were two or three other statements attributing drug weight to Battle that were not included in the report or given to the prosecution or defense because they were not deemed reliable.

Battle argued that the two or three statements that were deemed unreliable should have been given to the defense as Brady material, because they might undermine the credibility of

4

the eighteen statements on which the Government was relying. The Government questioned how statements attributing additional drug weight to Battle could have been exculpatory or favorable.

The district court denied Battle's Brady claim and overruled the objection to drug weight after finding that Battle would still have a base offense level of thirty-eight based on conversion of the cash to 220 kilograms of cocaine and without the disputed estimates provided by cooperators; and the district court ruled that it would impose the same sentence as a variant sentence even if it erred in calculating the Guidelines. We conclude that the district court did not err in denying Battle's Brady claim, because he failed to show a reasonable probability that the result of the sentencing proceeding would have been different if the evidence had been disclosed.

Battle next contends that his counsel was ineffective in not objecting to the enhancement under USSG § 2D1.1(b)(1) for possessing a dangerous weapon. We will only consider this claim on direct appeal if it conclusively appears on the record that counsel did not provide effective representation. See United States v. Powell, 680 F.3d 350, 359 (4th Cir.), cert. denied, 133 S. ct. 376 (2012). Based on our review of the record, we cannot conclude that it conclusively shows that counsel's performance was deficient or prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

5

Battle next contends his sentence is substantively unreasonable. Because he waived his right to appeal this issue, we grant the Government's motion to dismiss in part and dismiss the appeal as to this claim. Finally, Battle contends that his appellate waiver is unenforceable because it was not knowing and voluntary. Since we have already decided that the waiver was knowing and voluntary, we find this claim without merit.

Accordingly, we grant in part and deny in part the Government's motion to dismiss, dismiss the appeal as to the sentencing claim, and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

6